FERNÁNDEZ *v.* HERNÁNDEZ ET AL.

APPEAL from the District Court of Mayagüez.

No. 464.—Decided February 4, 1910.

ADJUDICATION OF MORTGAGED PROPERTY IN PAYMENT OF ANOTHER DEBT OF THE OWNER THEREOF—LIABILITY OF PERSON TO WHOM ADJUDICATED WITH RESPECT TO THE OWNER OF THE MORTGAGE—LIABILITY OF THE MORTGAGE DEBTOR.—A creditor acquiring by adjudication in payment of a debt acknowledged by a judgment, a property previously mortgaged to secure the payment of another debt, becomes the owner of a thing which was, and continues to be, encumbered and may choose between satisfying the encumbrance and freeing the property or allowing the property itself to answer therefor; but he is in nowise bound to satisfy the encumbrance with his other property in case the sale of the mortgaged property should fail to produce a sufficient sum to pay the mortgage. The latter obligation rests upon the real debtor or the person who mortgaged the property to secure his debt.

The facts are stated in the opinion.

*Mr. José G. Torres* for appellant.

The respondent did not appear.

MR. JUSTICE DEL TORO delivered the opinion of the court.

This is an appeal taken from an order of the District Court of Mayagüez denying the issue of a certain writ of execution applied for by the plaintiff and appellant.

The facts are the following: On January 14, 1901, Claudio Nin acknowledged that he was indebted to José A. Fernández in the sum of 900 *pesos,* and to secure the payment of his debt he mortgaged an estate belonging to him consisting of 28 *cuerdas* of land. José A. Fernández assigned this credit to Damián Fernández and Francisco Crestar, who, in their turn, assigned it to Gabriel González y García, and the latter, finally, donated it to the minor children of José A. Fernández, named José Antonio, Benigno Claudio and Manuel Evaristo Fernández Diez, in whose name it was recorded in the registry of property.

While this was occurring with respect to the mortgage credit, one-half of the estate mortgaged was attached for the

satisfaction of a certain judgment which Agustín Hernández Mena had obtained, in his favor, in an action which he had prosecuted for the recovery of a sum of money against the owner thereof, the said Claudio Nin, and it was finally awarded to the said Hernández Mena, in accordance with the law, subject to the lien thereon.

With affairs in this condition, José A. Fernández brought an action in the District Court of Mayagüez on behalf of his minor children for the recovery of the mortgage credit belonging to them, against Agustín Hernández Mena and Juana Lliteras García. The court ordered that demand for payment should be made on Augustín Hernández Mena which was done, and upon the expiration of the legal term without payment of the debt having been made, one-half of the estate mortgaged was sold at public auction to José A. Fernández for the sum of $200. The other half of the estate mortgaged had already been sold in proceedings prosecuted against the owner thereof, Claudio Nin, for nonpayment of taxes.

The entire mortgage credit not having been paid, the plaintiff and appellant filed a motion praying the court to direct the marshal to proceed to recover the balance, and attach and sell any other property of the defendants. And on October 13, 1909, the court decided said motion by the following order, from which this appeal has been taken:

"The motion of the plaintiffs filed October 11, 1909, having been examined, and as the defendant in this cause never incurred the obligation of paying the plaintiffs the difference between the price of the sale of the estate mortgaged, which has been described in the complaint, and the amount of the encumbrance thereon, a writ of execution against other property of the defendant as applied for does not lie."

The claim of the plaintiff and appellant is so devoid of foundation that it is hardly possible to believe that he thought he was entitled in good faith to what he applied for to the district court.

One who acquires a mortgaged estate, as in this case, by award in payment of a debt recognized by a judgment, becomes the owner of something which was previously, and continued to be, subject to a specific charge.

He may choose between paying the encumbrance and freeing the estate or let the estate itself answer therefor, but he is not at all obliged to pay such encumbrance with his other property, should the proceeds of the sale of the estate mortgaged not be sufficient.

Such obligation does not devolve on the purchaser of the estate mortgaged, who, in this case, is the defendant, Augustín Hernández Mena, but on the real debtor, or the person who mortgaged the estate to secure the payment of his debt, which person, in this case is Claudio Nin, who has not been made a defendant.

Therefore, the order appealed from should be affirmed.

*Affirmed.*

Chief Justice Hernández and Justices Figueras, MacLeary and Wolf concurred.